## BARCLAY v. MOLONEY.

(Supreme Court, Appellate Division, First Department.   October 20, 1899.)

1. ORDER TO SHOW CAUSE—INJUNCTION.

Where no special reasons are stated in the affidavit on a motion for an order to show cause why it should be returnable in less than eight days, the order should not be granted where the motion is noticed for less than that time.

2. PRELIMINARY INJUNCTION—CONTINUANCE PENDENTE LITE.

The protection afforded by a preliminary injunction, good until a motion could be heard to continue it pendente lite, is a valid objection to requiring defendant, on less than eight days' notice, to show cause on the hearing of the motion why the injunction should not be thus continued.

3. SAME—VACATION.

A preliminary injunction, good until the hearing of a motion to continue it pendente lite, should not be vacated on such a hearing improperly noticed.

Appeal from special term, New York county.

Action by James L. Barclay against Michael Moloney for an injunction. On plaintiff's motion a preliminary injunction was granted until the hearing of a motion to continue the injunction pendente lite, and defendant was ordered to show cause on less than eight days' notice why the same should not be continued. On the hearing an order was made denying the motion to continue the injunction pendente lite, and dissolving the same, and plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George A. Strong, for appellant.
Jacob Levy, for respondent.

PER CURIAM.   With regard to the order to show cause, we agree with the respondent that no special reason is stated in the affidavit for a notice of motion of less than eight days, and with the judge below that the plaintiff was protected by the temporary injunction, and could afford to wait eight days for the hearing of his motion. These are all valid objections to that part of the order which required the defendant to show cause in less than eight days why the injunction should not be continued, and the learned judge at special term was justified in setting so much of the order aside. The justice went further, however, and vacated the injunction itself, which was entirely separate and distinct from the other provision alluded to. As the papers warranted the granting of an injunction in the first instance, it should stand until, on proper notice, it is either continued or vacated.

The order is accordingly modified by dismissing the order to show cause and reinstating the injunction, and, as modified, affirmed, without costs to either party.